NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOCAL 282 PENSION TRUST FUND AND LOCAL 282 ANNUITY TRUST FUND DISTRICT NO. 9, Lead Plaintiff, On Behalf of Themselves and All Others Similarly Situated, | No.    23-15433 |
| | D.C. No. 3:21-cv-08254-MMC |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM[*] |
| BIOMARIN PHARMACEUTICAL, INC.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted February 13, 2024[**]
San Francisco, California

Before:  MILLER, BADE, and VANDYKE, Circuit Judges.

Local 282 Pension Trust Fund appeals from the district court's order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing its complaint under Federal Rule of Civil Procedure 12(b)(6) in this securities class action. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). To survive a motion to dismiss in a securities-fraud case brought under section 10(b) of the Securities Exchange Act of 1934 or Rule 10b-5, plaintiffs must adequately allege several elements, including falsity. *See In re NVIDIA Corp. Secs. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014).

Because "a complaint stating claims under section 10(b) and Rule 10b-5 must satisfy the dual pleading requirements of Federal Rule of Civil Procedure 9(b) and the PSLRA [Private Securities Litigation Reform Act]," *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009), plaintiffs face "exacting" and "heightened" pleading standards, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.,* 551 U.S. 308, 313, 321 (2007). To adequately allege falsity, a complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief . . . state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1). To meet the

particularity requirements of Rule 9(b), a complaint must also "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Those standards represent an "unusual deviation from the usually lenient requirements of federal rules pleading." *Ronconi v. Larkin*, 253 F.3d 423, 437 (9th Cir. 2001), *abrogated on other grounds by Tellabs,* 551 U.S. at 315–18; *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37–49 (2011). They "prevent[] a plaintiff from skirting dismissal by filing a complaint laden with vague allegations of deception unaccompanied by a particularized explanation." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

Local 282's falsity allegations rest on a single premise: BioMarin Pharmaceutical, Inc. executives learned by November 2019 that the company's "Highest Dose Study" of its new gene therapy drug, BMN 307, yielded alarming results, but they publicly represented until September 2021 that it displayed "great," safe testing data and significant future promise. Because Local 282's crucial allegation—that the Highest Dose Study results predated the challenged statements—lacks particularity and substantiation, Local 282 does not sufficiently plead that BioMarin's statements were "untrue or misleading *when made*." *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548–49 (9th Cir. 1994) (en banc).

Local 282 relies on multiple statements by BioMarin executives to allege that BioMarin knew the Highest Dose Study results by November 2019, including

the following: "All of our nonclinical studies will be done in the first half of [2019]"; "We plan to complete preclinical studies in the first half of 2019"; "We finished our nonhuman primate and mass GLP studies"; and "BMN 307 ha[s] moved beyond the 'Preclinical' stage and ha[s] transitioned to [human trials]." But those generalized statements do not establish when the Highest Dose Study itself began, when the study concluded, or when executives learned of its results. Although BioMarin said that it "plan[ned] to complete preclinical studies in the first half of 2019," that expression of intent does not establish when the Highest Dose Study was actually completed, especially because the company also said that "[l]ong-term preclinical tests . . . may continue after the IND [investigational new drug application] . . . is submitted." And the Highest Dose Study was a non-GLP, preclinical study on mice—not a nonclinical, mass-GLP, or primate study. Local 282 pleads no facts indicating either that BioMarin categorically completed all BMN 307 preclinical testing by November 2019 or that its transition to human trials ended all such testing.

Local 282 also relies on BioMarin's 10-Q SEC filings, which show that BMN 307's development moved from "Preclinical" during the third quarter of 2019 to "Clinical Phase 1/2" in the first quarter of 2020. Without additional explanation, simply pointing to that transition is not sufficient to allege that BioMarin executives knew the Highest Dose Study results by November 2019.

Local 282's allegations of falsity depend on a specific chronology of events. Because Local 282 does not allege sufficient, particularized facts to support that proffered chronology, it fails to adequately plead falsity. *See Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 769 (9th Cir. 2023) (holding that securities plaintiffs must plead "with particularity the facts supporting each of their beliefs as to why the challenged statements were false or misleading").

**AFFIRMED.**